UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :
:
v. :           Civil No. 03-2147 (GK)
:           Criminal No. 02-220 (GK)
ANTON BREWER, :
:           **FILED**
Defendant. :
                                          APR 3 0 2007

### MEMORANDUM OPINION

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In 2002, Defendant Anton Brewer plead guilty to possession with intent to distribute fifty grams or more of cocaine base, and the Court sentenced him to ten years of incarceration. This matter is currently before the Court on Defendant Brewer's First Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [#42] ("the First Amended § 2255 Motion") and his Second Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [#64] ("the Second Amended § 2255 Motion").[1] Upon consideration of the Motions, Oppositions, Reply, and the entire record herein, and for the reasons stated below, both of Defendant's motions are **denied**.

---

[1] The pertinent language from § 2255 reads,

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.



## I.   BACKGROUND

On August 12, 2002, Brewer plead guilty to possession with intent to distribute fifty grams or more of cocaine base. 21 U.S.C. § 841. On February 14, 2003, pursuant to the then-mandatory United States Sentencing Guidelines, the Court sentenced Brewer to ten years of incarceration, to be followed by five years of supervised release. Brewer did not challenge his sentence at the time it was imposed, and did not file an appeal.

On October 14, 2003, Brewer filed his first pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [#33] ("the Original § 2255 Motion"). As grounds for relief, Brewer claimed that his attorney, Tony Miles, of Federal Defender Service, failed to ask the arresting officer any questions about alleged Fifth Amendment and Fourth Amendment violations during Defendant's Preliminary and Detention Hearing on April 26, 2002. Brewer also claimed that Miles failed to call Frieda Lathern as a witness during the hearing to substantiate Defendant's claim that the arresting officers obtained evidence in violation of his constitutional rights.

On May 12, 2004, with leave from the Court, Brewer filed his pro se First Amended § 2255 Motion in which he alleged that his second attorney, Marc Emden, coerced him into accepting a plea deal. More specifically, Brewer claims that he hired Emden to represent him in a suppression hearing, but Emden refused to

interview Lathern for the hearing and instead negotiated a plea agreement with prosecutors. Brewer also claims that Emden failed to adequately research his criminal history and erroneously promised Defendant that he would be sentenced to only seventy months of incarceration, rather than the one hundred twenty he received. The First Amended § 2255 Motion does not reassert the basis for relief stated in the Original § 2255 Motion, to wit, Miles' performance during the April 26, 2002 Preliminary and Detention Hearing. On July 7, 2004, the Court denied Brewer's Original § 2255 Motion as moot in light of the First Amended § 2255 Motion.

On October 5, 2005, the Court again granted Brewer permission to amend his motion. On February 1, 2006, Defendant's recently appointed counsel, Douglas Evans, Sr., filed Brewer's Second Amended § 2255 Motion. The Second Amended § 2255 Motion raised the same claims as the First Amended § 2255 Motion, and also failed to reassert as the basis for relief Miles' representation of the Defendant in the 2002 Preliminary and Detention Hearing.

## II. ANALYSIS

Before reaching the merits of Brewer's claims, the Court must first determine if his Motions were filed within § 2255's one-year statute of limitations. See United States v. Cicero, 214 F.3d 199, 202 (D.C. Cir. 2000). In this case, because Brewer did not file an appeal, the limitations period began on March 7, 2003 when the

judgment against him became final. See 28 U.S.C § 2255 ("The limitation period shall run from the latest of--(1) the date on which the judgment of conviction becomes final...."). Defendant filed his First and Second Amended § 2255 Motions on May 12, 2004 and February 1, 2006 respectively. Thus, both motions were filed far beyond the one-year limitations period which ended on March 7, 2004.

Defendant argues that the amended motions are, nevertheless, timely because, under Rule 15(c) of the Federal Rules of Civil Procedure ("Rule 15(c)"), they relate back to the filing date of his Original § 2255 Motion (October 14, 2003). Rule 15(c) applies to § 2255 motions. United States v. Hicks, 283 F.3d 380, 387 (D.C. Cir. 2002) ("[U]nder certain circumstances, an amendment of a [§ 2255 motion] relates back to the date of the original [§ 2255 motion], thereby avoiding statute of limitations problems that otherwise might have beset the amendment.") (citations omitted). Those circumstances are, however, limited to situations in which the claims made in the amended motion arose from the same conduct, transaction, or occurrence set forth in the original motion. Id. at 388.

In the instant case, Brewer's Amended Motions raise claims and legal theories that differ markedly from those asserted in his Original § 2255 Motion. While all three motions seek relief based on alleged ineffective assistance of counsel, the Original Motion

relied on Miles' failure to challenge a witness during the Preliminary and Detention Hearing, whereas the Amended Motions relied on claims that Emden coerced Brewer into accepting a plea deal. Brewer's Amended Motions do not simply elaborate on claims made in the Original Motion; rather, they assert entirely new claims against two different lawyers. Given the disparity between the asserted factual bases for relief, the latter claims cannot be said to have arisen from the same conduct, transaction, or occurrence set forth in the Original Motion. See Mayle v. Felix, 545 U.S. 644, 656-665 (2005).

**CONCLUSION**

For the reasons stated above, the Court holds that the First and Second Amended § 2255 Motions [#42] [#64] are untimely and do not relate back under Rule 15(c). Therefore, they are **denied**. An Order will issue with this Memorandum Opinion.

April 30, 2007

/s/ Gladys Kessler
Gladys Kessler
U.S. District Judge

**Copies to:** attorneys of record via ECF